UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08CV-00142-JHM

STEVE BLACK                                                                      PLAINTIFF

V.

DIXIE CONSUMER PRODUCTS LLC and
GEORGIA-PACIFIC CONSUMER PRODUCTS
HOLDINGS, LLC                                                                    DEFENDANTS/
                                                                        THIRD-PARTY PLAINTIFFS

V.

WESTERN EXPRESS, INC.                                           THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Third-Party Defendant, Western Express, Inc., for summary judgment against Third-Party Plaintiffs, Dixie Consumer Products LLC and Georgia-Pacific Consumer Products Holdings, LLC [DN 56]. Fully briefed, these matters are ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On July 11, 2008, Plaintiff, Steve Black, sustained an injury while on the business premises of Dixie Consumer Products LLC in its Bowling Green, Kentucky, plant. Plaintiff was in the Dixie Consumer Products facility to deliver a shipment of rolled paper materials to the plant. While Plaintiff was on the loading dock, an employee of Dixie Consumer Products who was unloading the truck ran over Plaintiff with a forklift/tow motor. Plaintiff sustained an injury to his left foot resulting in a below-the-knee amputation of his leg. At the time of the accident, Plaintiff was employed by Western Express, Inc., a commercial carrier that had contracted for shipping services with Georgia-Pacific LLC. Jeff Gottke, Dixie's Bowling Green Plant Director, testified that the subject shipment occurred under the terms of this contract.

Following his injury, Plaintiff pursued a workers' compensation claim against his employer, Western Express. Plaintiff testified that he was acting within the course of his employment with Western Express when he sustained his injuries. Western Express secured the

2

payment of workers' compensation for Plaintiff as part of his employment with that company for the injuries sustained as a result of the accident.

In October of 2008, Plaintiff filed suit against Dixie Consumer Products and Georgia-Pacific Consumer Products alleging that he was "negligently injured by the agents, servants, and employees of Defendants." (Complaint at ¶ 4.) Defendants filed responsive pleadings denying liability for the injuries sustained by the Plaintiff. In addition, Defendants affirmatively plead that Plaintiff's claims are barred by the exclusive remedy sections of the Kentucky Workers' Compensation Act. Defendants argued that they are "statutory employers" within the provisions and definitions in KRS § 342.610(2)(b) and KRS § 342.690. The Court entered a scheduling order allowing for discovery to be taken on the statutory employer defense. The parties then filed cross-motions for summary judgment on this threshold issue.

The Court granted summary judgment in favor of the Defendants finding that the Plaintiff's complaint against them was barred by the exclusive remedy of workers' compensation. Plaintiff appealed to the Sixth Circuit. A three-judge panel of the Sixth Circuit reversed the summary judgment entered by the Court and remanded the case for further proceedings. The Sixth Circuit concluded that because Dixie had not established that the work Black performed at the time of his injury was a "regular or recurrent" part of its work, it was not entitled to judgment as a matter of law. On remand, the Plaintiff was allowed to amend his complaint against the Defendants. The Defendants were permitted to file a third-party complaint against Western Express for breach of contract for failing to defend and indemnify them in this case pursuant to a Contract Carriage Agreement. The scheduling order provides that the deadline for completion of pretrial factual discovery is July 1, 2014, the deadline for completion

of expert discovery is October 14, 2014, and the dispositive motion deadline is November 13, 2014.

Western Express now moves for summary judgment on Third-Party Plaintiffs' claims arguing that: (1) Third-Party Plaintiffs lack privity of contract under the Contract Carriage Agreement; (2) the Contract Carriage Agreement relieves Western Express of any obligation to indemnify, defend, or insure Third-Party Plaintiffs for personal injury caused solely by their negligence; and (3) the Agreement is an adhesion contract arising out of and involving unequal bargaining power and, as a result, is void as to public policy.

### III. DISCUSSION

**A. Lack of Privity – Contract Carriage Agreement**

Western Express argues that the Third-Party Plaintiffs lack standing to enforce the February 21, 2008, Contract Carriage Agreement because the Agreement is between non-party Georgia Pacific, LLC, and Western Express. Western Express contends that Dixie and Georgia Pacific Consumer Products are not parties to the Agreement and are not even identified in the Agreement. Western Express asserts that since corporations by their very nature are distinct, separate entities with only the power to enforce their own contracts and claims, any obligations of Western Express under the Agreement are owed only to Georgia-Pacific, LLC which is not a named party and/or Third-Party Plaintiff to the litigation.

"'Ordinarily, the obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it, except . . . under certain circumstances, [such as] by a third-party beneficiary.'" Prime Finish, LLC v. Cameo, LLC, 487 Fed. Appx. 956, 959 (6th Cir. 2012)(citing Presnell Const. Managers, Inc. v. EH Constr., LLC, 134 S.W.3d 575, 579 (Ky. 2004)). "'[A] third person may enforce a

4

promise made for his benefit even though he is a stranger both to the contract and to the consideration.'" Prime Finish, 487 Fed. Appx. at 959 (quoting Simpson v. JOC Coal, Inc., 677 S.W.2d 305, 308 (Ky. 1984)).  See also Brunswick Cellulose, Inc. v. Rogers Cartage Co., 364 Fed. Appx. 592 (11th Cir. 2010).

The Agreement expressly provides that subsidiaries of Georgia-Pacific, LLC have rights under the Agreement, including the right to engage the carrier for shipping services. Specifically, the Agreement provides in relevant part: "From time to time during the term of this Agreement, GP and any GP subsidiary may engage CARRIER to provide transportation services . . . ."  (Contract Carriage Agreement at ¶ 3.)  Appendix B (Forms of Schedule) to the Agreement provides that the "[i]ntent of the parties is to allow a subsidiary of GP to enter into an Agreement with [Western Express] incorporating the Agreement."  (Id., Appendix B.)  Third-Party Plaintiffs presented evidence that at the time of the accident both Dixie and Georgia Pacific Consumer Products were subsidiaries of Georgia Pacific, LLC.[1]  Additionally, Jeff Gottke, Dixie's Bowling Green Plant Director, testified that the shipment at issue here occurred pursuant to the Agreement.  While the Third-Party Plaintiffs were not parties to the Contract Carriage Agreement, the Agreement and Appendix B reflect that subsidiaries were intended by the parties to be direct beneficiaries of the Agreement.  The subsidiaries were expressly mentioned in the Agreement, afforded rights under the Agreement, and therefore have standing to sue on the Agreement.  Presnell Const., 134 S.W.3d at 579.  Summary judgment based on this argument is denied.

### B. Exculpatory Language in the Contract Carriage Agreement

Western Express argues that it is entitled to summary judgment because the Agreement

---

[1] Despite evidence from Dixie's company officials, Western Express continues to challenge whether Third-Party Plaintiffs are subsidiaries of Georgia Pacific, LLC.  Western Express may explore this issue further in discovery.

contains exculpatory language relieving Western Express of any obligation to indemnify, defend, or hold harmless the Third-Party Plaintiffs for injuries due to and/or caused by their own negligence, intentional acts, and/or omissions. Paragraph 7 of the Agreement, entitled "Indemnification," provides in relevant part for:

> CARRIER agrees to assume all risks growing out of or occurring in the performance of this Agreement by CARRIER, its agents or employees for: . . .
>
> (b) any death or injury to any person or persons, whether or not employed by the CARRIER, however caused, occurring during the performance of this Agreement or upon the premises where this Agreement is being performed as a result of negligence on the part of the carrier, **except when caused by the sole negligence, or intentional acts of GP, its agents and employees.**
>
> (c) CARRIER further covenants and agrees, and it hereby binds itself, at its own sole cost and expense, to defend, save harmless and indemnify GP from and against any and all manner of suits, claims, judgments, demands, costs, attorneys' fees, charges, debts, dues, liabilities, and payments of money of any sort or nature whatsoever on account of injury to or the death of persons or loss of or damage to property in any manner whatsoever, arising out of or predicated upon the operation of trucks of or by CARRIER, its agents or employees, or the conduct of the business of CARRIER, or the transportation and handling of goods by CARRIER, its agents or employees whether pursuant to this Agreement or otherwise, **provided that this hold harmless and indemnity shall not apply to the extent that the action giving rise to the claim was solely caused by any negligent act or omission of GP.**

(Contract Carriage Agreement ¶ 7.) Western Express maintains that since the only allegation of negligence asserted by Plaintiff is against Dixie and Georgia Pacific Consumer Products at their own facility, Western Express is relieved of "all risks growing out of [the Agreement]," including any alleged duty to defend, indemnify, or hold harmless the Third-Party Plaintiffs.

After a review of the pleadings, the Court finds that a genuine dispute of material fact exists precluding summary judgment in favor of Western Express. The qualifying language in

Paragraph 7(c) establishes that Western Express's obligation to indemnify shall not apply if the action giving rise to the claim was *solely* caused by a negligent act or omission of Dixie or Georgia Pacific Consumer Products. The comparative fault of Plaintiff Black and Western Express has been pleaded by the Third-Party Plaintiffs and is at issue in this case. (Defendants' Answer, Third and Fifth Defense, DN 6.) Further, Black's actions are listed as one of the causes of the accident in Dixie's investigative report made following the incident and made prior to the litigation. Thus, the issue of whether the alleged negligence of Third-Party Plaintiffs "solely caused" the injury to Black remains in dispute, and thus summary judgment is not appropriate.[2]

### C. Adhesion Contract

Western Express argues that the Contract Carriage Agreement is an adhesion contract and is void as against public policy. Western Express maintains that the Agreement was drafted and imposed upon Western Express by non-party Georgia-Pacific, LLC. (Affidavit of Roland Lowell, General Counsel of Western Express, ¶ 6.) Western Express contends that it was in an inferior bargaining position than Georgia Pacific which it alleges is demonstrated by the fact that the Contract Carriage Agreement is merely a standard carriage agreement used by Georgia Pacific for all of its carriers.

Under Kentucky law, indemnification provisions that are "applied to defend against the indemnitee's own negligence . . . are not against public policy generally, but they are when agreed to by a party in a clearly inferior bargaining position." Speedway Superamerica, LLC v. Erwin, 250 S.W.3d 339, 344 (Ky. App. 2008). Where such provisions are "'negotiated as part of an arm's-length transaction between two business corporations with presumably equal

---

[2] In response to the motion for summary judgment, the Third-Party Plaintiffs contend that Western Express has a contractual duty to defend them against Black's claims that is not qualified or limited in any manner whatsoever. The Third-Party Plaintiffs indicate that they reserve the right to subsequently move for summary judgment on this and other points at the conclusion of discovery. While the Third-Party Plaintiffs in their response invite the Court to decide this issue *sua sponte*, the Court expresses no opinion on this argument at this time.

bargaining power,'" the Kentucky courts have found "'no compelling reason to disturb their written contract.'" Martin County Coal Corp. v. Universal Underwriters Ins. Co., 727 F.3d 589, 596 (6th Cir. 2013) (quoting Cumberland Valley Contractors, Inc. v. Bell County Coal Corp., 238 S.W.3d 644, 653 (Ky. 2007)).

Essentially, the question before the Court is whether Western Express is a sophisticated corporate entity who engaged in an arm's length negotiation of the Agreement with Georgia Pacific. At this stage of the litigation, the evidence presented by Western Express is insufficient to demonstrate that the contractual indemnity provision between Western Express and Georgia Pacific is unenforceable. Instead, the record reflects that Western Express is a large, nationwide carrier. Additionally, a review of Appendix A of the Agreement reveals a marked out paragraph. The existence of this marked out paragraph suggests that Western Express and Georgia Pacific engaged in some type of negotiation of the terms of the Agreement. Discovery is ongoing, and whether or not Western Express was operating from a clearly inferior bargaining position can be examined further in discovery. At this time, the motion for summary judgment on this issue is denied with leave to refile.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Third-Party Defendant, Western Express, Inc., for summary judgment against Third-Party Plaintiffs, Dixie Consumer Products LLC and Georgia-Pacific Consumer Products Holdings, LLC [DN 56] is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

April 30, 2014