# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08CV-00142-JHM

STEVE BLACK                                                                                      PLAINTIFF

V.

DIXIE CONSUMER PRODUCTS LLC and
GEORGIA-PACIFIC CONSUMER PRODUCTS
HOLDINGS, LLC                                                                         DEFENDANTS/
                                                                                      THIRD-PARTY PLAINTIFFS

V.

WESTERN EXPRESS, INC.                                             THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Third-Party Defendant, Western Express, Inc., to reconsider [DN 174]. Western Express moves the Court to reconsider its denial of summary judgment on Dixie and Georgia Pacific's third-party complaint arguing that the Court made a clear error of law in failing to invoke the public-policy exception of Kentucky's choice-of-law rule. Fully briefed, this matter is ripe for decision.

The Sixth Circuit recognizes that a district court has authority both under common law and under Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). A motion to reconsider under Rule 54(b) may not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but

were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." Owensboro Grain Co., LLC v. AUI Contracting, LLC, 2009 WL 650456, at *2 (W.D. Ky. Mar. 10, 2009).

Western Express argues that because KRS § 281.592 expressly forbids enforcement of "indemnify, defend, or hold harmless" clauses in motor carrier transportation contracts, the public policy exception to Kentucky's choice-of-law rule mandates dismissal of Georgia-Pacific and Dixie's third-party complaint. The Court disagrees.

While current Kentucky legislation expressly forbidding enforcement of such indemnification clauses exists, that legislation does not impact the enforcement of the "indemnify, defend, or hold harmless" clause in the Contract Carriage Agreement at issue in this case. The statute relied on by Western Express, KRS § 281.592, was enacted in 2014. It did not exist when the Contract Carriage Agreement was executed in February 2008, when Plaintiff's accident occurred in July 2008, when Plaintiff's lawsuit was filed in October 2008, or when Dixie and Georgia Pacific were granted leave to file their third-party complaint in June 2013. Thus, at all relevant times, there was no Kentucky public policy demonstrated by statute or judicial opinion which made contractual indemnity provisions in motor carrier transportation contracts void and unenforceable.

Furthermore, the Court finds no authority to suggest that KRS § 281.592 is retroactive.[1] "Kentucky law governing statutory construction states that '[n]o statute shall be construed to be retroactive, unless expressly so declared.'" American Exp. Travel Related Services. Co., Inc. v. Kentucky, 730 F.3d 628, 632 (6th Cir. 2013)(quoting KRS § 446.080(3)). "This fundamental principle of statutory construction in Kentucky creates a strong presumption that statutes operate

---

[1] The Court recognizes that in the previous opinion it perhaps improperly presumed for purposes of the motion that the statute was retroactive. The Court now addresses the retroactivity of the statute.

prospectively and that retroactive application of statutes will be approved only if it is absolutely certain the legislature intended such a result." Coleman v. Sanitation Dist. No. 1 of Northern Kentucky, 2016 WL 1558499, at *2 (Ky. Ct. App. Apr. 15, 2016).  While "there are no mandatory 'magic words' for retroactive legislation, [] the legislature 'must expressly manifest its desire that a statute apply retroactively.'" Utility Mgmt. Grp., LLC v. Pike Cty. Fiscal Court, 531 S.W.3d 3, 9-10 (Ky. 2017)(quoting Baker v. Fletcher, 204 S.W.3d 589, 597 (Ky. 2006)).  See also Commonwealth Dept. of Agriculture v. Vinson, 30 S.W.3d 162, 168 (Ky. 2000).  The Kentucky Supreme Court has noted that this rule should be "strictly construed." American Exp. Travel, 730 F.3d at 632(citing Hamilton v. Desparado Fuels, Inc., 868 S.W.2d 95, 97 (Ky. 1993)).

KRS § 281.592 contains no express or implied statement of retroactivity.  To the contrary, the statute specifies an effective date of July 15, 2014.  The Court finds no basis to conclude that the General Assembly intended the law to apply to a motor carrier transportation contract performed prior to that date.  See, e.g., Beacon Ins. Co. of Am. v. State Farm Mut. Ins. Co., 795 S.W.2d 62, 64 (Ky. 1990)(Supreme Court of Kentucky held that "[t]here is no legal basis for asserting the public policy embodied in [a new automobile household exclusion statute] as controlling" where the insurance contract, accident, and injury occurred prior to effective date of statute.); Cumberland & Ohio R. Co. v. Judge of Washington Cty. Court, 73 Ky. 564, 574 (1875)("[N]o statute, however positive it may be in its terms, will be construed as designed to interfere with existing contracts, unless such intention is expressly declared; and courts will apply new statutes only to future cases unless there is something in the very nature of the case or in the language used which shows that they were intended to operate retroactively.").[2]  Thus, the "indemnify, defend, or hold harmless" clause contained in the Contract Carriage Agreement in this

---

[2] The Court considered the case Otis & Co. v. Securities and Exchange Commission, 323 U.S. 624 (1945) which was cited by Defendant and finds that the principle of contract frustration discussed in Otis is not applicable to the present case.

3

case is enforceable.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Third-Party Defendant, Western Express, Inc., to reconsider [DN 174] is **DENIED**. This matter is referred to the Magistrate Judge Brennenstuhl for both a scheduling conference and a settlement conference.

*[Signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 18, 2018

cc: counsel of record
    Magistrate Judge Brennenstuhl